**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,              )<br>                                                         )<br>             Plaintiff/Respondent,    )<br>                                                         )<br> vs.                                                    )<br>                                                         )<br>                                                         )<br> James Michael Harries,                  )<br>                                                         )<br>             Defendant/Movant.         )<br> _____ ) | No.  CR-02-0141-PHX-MHM<br>        CIV 04-1941-PHX-MHM (SLV)<br><br>**ORDER** |

Movant pro se has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 111-112). The matter was referred to Magistrate Judge Stephen L. Verkamp who has issued an Amended Report and Recommendation that recommends that the § 2255 motion should be denied. (Doc. 124).[1] Movant has filed written objections to the Report and Recommendation. (Doc. 125).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

---

[1] Record references are to the docket in Case No. CR-02-0141-PHX-MHM.

**DISCUSSION**

On June 13, 2002, Movant was charged by superseding indictment with possession of a stolen Kimber .45 caliber handgun, in violation of 18 U.S.C. § 922(j) (Count I); unlawful possession of a short-barreled shotgun, in violation of 26 U.S.C. § 5861(d) (Count II); and unlawful possession of three explosive devices, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count III). On July 1, 2002, Movant pleaded guilty to Counts II and III without a plea agreement. Count I was later ordered dismissed. On September 16, 2002, Movant was sentenced to concurrent terms of 56 months imprisonment on the two counts of conviction, to be followed by 36 months of supervised release. Judgment was entered on September 19, 2002. Movant's conviction was affirmed on appeal. United States v. Harries, 2004 WL 900927 (9th Cir. April 23, 2004). Notice of the appellate mandate was entered on the docket in the district court on May 25, 2004. (Doc. 108). Movant filed his motion under § 2255 on September 16, 2004. (Doc. 111).

Movant has raised the following grounds in his motion for relief under § 2255. Movant contends that his sentence was enhanced based on facts not found by a jury in violation of the Sixth Amendment, relying in part on Blakely v. Washington, 542 U.S. 296 (2004), that 26 U.S.C. § 5861(d) is unconstitutional and that the government engaged in prosecutorial misconduct because his prosecution was based on unconstitutional gun laws.

The Magistrate Judge has recommended that Movant is not entitled to relief on his Sixth Amendment claim regarding his sentence because Movant's conviction and sentence became final prior to the decision in Blakely. In addition, at his sentencing hearing, Movant admitted to possessing the .45 caliber handgun but denied knowing that the gun was stolen. Movant objected to any increase under U.S.S.G. § 2K2.1(b) based on his possession of a stolen firearm. However, Movant withdrew his objection to this enhancement and the two-level increase was applied in determining his sentence. Movant has filed an objection to the Magistrate Judge's recommendation, contending that he was sentenced based on a crime for which there was no finding of guilt beyond a reasonable doubt. Movant also objects on the

1  ground that his "statutory maximum" is the maximum a judge may impose based solely on the
2  facts reflected in the jury's verdict or as admitted by the defendant, not the maximum term set
3  forth in the relevant federal statute.

4  In Blakely, the Supreme Court held that a sentence increase based on facts not found
5  by a jury violates the Sixth Amendment. At issue in Blakely was Washington State's
6  sentencing scheme, a scheme similar to the Federal Sentencing Guidelines. The Blakely
7  decision issued on June 24, 2004.

8  As discussed above, notice of the appellate mandate was entered on the docket in the
9  district court on May 25, 2004. (Doc. 108). It does not appear that Movant filed a petition
10 for certiorari with the United States Supreme Court. A case is considered final and no longer
11 on direct review when a "judgment of conviction has been rendered, the availability of appeal
12 exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally
13 denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987); Clay v. United States, 537 U.S.
14 522, 532 (2003)("for federal criminal defendants who do not file a petition for certiorari with
15 [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when
16 the time for seeking such review expires"). Movant's conviction became final 90 days after
17 the April 23, 2004 decision by the Court of Appeals affirming his conviction, that is, on July
18 22, 2004. See Clay v. United States, 537 U.S., at 525 (the time in which to petition for a writ
19 of certiorari expired 90 days after entry of the Court of Appeals' judgment, referring to
20 Supreme Court Rule 13(1)). It therefore appears that Movant's conviction became final after
21 the decision in Blakely issued on June 24, 2004. Movant filed his motion under § 2255 on
22 September 16, 2004. (Doc. 111).

23 Movant's contention that his sentence was imposed in violation of Blakely is now
24 governed by the intervening decision issued on January 12, 2005 in United States v. Booker,
25 125 S.Ct. 738 (2005), in which the Supreme Court concluded that the holding in Blakely
26 applies to the Federal Sentencing Guidelines. See, Lloyd v. United States, 407 F.3d 608, 610
27 and n.1 (3d Cir.)(noting that Blakely reserved decision about the status of the Federal

- 3 -

1  Sentencing Guidelines, and Booker established a new rule for the federal system)(citing
2  McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), cert. denied, 126 S.Ct. 288
3  (2005)); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.)(where federal criminal
4  defendant filed § 2255 motion contending that his sentence was imposed in violation of
5  Blakely, the claim was governed by the Supreme Court's intervening decision in Booker), cert.
6  denied, 126 S.Ct. 199 (2005).  In Booker, the Supreme Court held that "[a]ny fact (other than
7  a prior conviction) which is necessary to support a sentence exceeding the maximum
8  authorized by the facts established by a plea of guilty or a jury verdict must be admitted by
9  the defendant or proved to a jury beyond a reasonable doubt." Id., 125 S.Ct. at 756. The
10 Supreme Court also stated in Booker that the statutory maximum for purposes of Apprendi
11 v. New Jersey, 530 U.S. 466 (2000), is the maximum sentence a judge may impose based
12 solely on the basis of facts reflected in the jury verdict or admitted by the defendant. Booker,
13 125 S.Ct. at 749.

14      The Court of Appeals for the Ninth Circuit has held that Booker applies to cases
15 pending on direct appeal.  United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005)(en
16 banc).  In United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), the Ninth Circuit held that
17 Booker does not apply retroactively and does not apply to cases on collateral review where
18 the conviction was final as of the date of Booker's publication. Movant's conviction and
19 sentence became final no later than July 22, 2004, prior to the date of decision in Booker on
20 January 12, 2005.  Booker does not apply retroactively to cases on collateral review where
21 the conviction was final prior to the date of decision, as in Movant's case.

22      Moreover, as noted in the Report and Recommendation, Movant withdrew his
23 objection to the two-level enhancement based on possession of a stolen firearm under
24 U.S.S.G. § 2K2.1(b)(4). (Doc. 87 at pp. 29-35). Movant raised this issue on direct appeal and
25 the Court of Appeals held that Movant had waived the issue on appeal.  (Doc. 124, at n.3
26 citing United States v. Harries, 2004 WL 900927 (9th Cir. 2004)). Movant's objections
27 numbered 2 and 3 are overruled.

28

- 4 -

1   Movant appears to raise a claim as to his criminal history category of III determined
2   at the sentencing hearing. (see Doc. 111 (attached motion at p. 3); Doc. 112 at p. 3). The
3   Court reviewed Movant's criminal history at the sentencing hearing and Movant did not object
4   to the Court's findings. (Doc. 87 at pp. 35-39). Fact-finding regarding prior convictions as
5   relevant to sentencing has not been taken "out of the hands of the courts." See United States
6   v. Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004)(as discussed in Blakely, sentencing
7   enhancement based on a defendant's prior conviction does not have to be presented to a jury),
8   cert. denied, 125 S.Ct. 1100 (2005); United States v. Esparza-Gonzalez, 422 F.3d 897, 907
9   (9th Cir. 2005)(the Supreme Court has made clear that enhancements based on prior
10  convictions need not be proven beyond reasonable doubt by a jury or admitted by the
11  defendant to satisfy the Sixth Amendment, citing Booker).

12   The Magistrate Judge has recommended that Movant's contention that 26 U.S.C. §
13  5861(d), which prohibits the possession of an unregistered firearm, is unconstitutional should
14  be rejected. Claims that § 5861(d) violates a defendant's right to be free of self-incrimination
15  and is not a valid exercise of Congressional power have been repeatedly rejected by the
16  federal courts as discussed in the Report and Recommendation. The cases cited in the Report
17  and Recommendation include several decisions of the Court of Appeals for the Ninth Circuit.

18   Movant has objected to this recommended finding by contending that it misconstrues
19  the issue he has raised. Movant has objected that he is contending that § 5861(d) is
20  unconstitutional as applied to his case because "the BATF precludes [Movant] from paying
21  the Transfer Tax and Registering the said firearms in this case." (Doc. 125 at p. 3). The Court
22  has reviewed Movant's motion for post-conviction relief (Doc. 111-112) and his response
23  (Doc. 120) for clarification of the issue raised. Movant contends that the maker of the
24  firearms in this case was not a licensed manufacturer, importer or dealer and thus not even the
25  maker could register the firearms as required by law. Therefore, even Movant could not pay
26  the transfer tax and registration as either the maker, which Movant claims he was not, or
27  transferee. (Doc. 120 at pp. 2-7). Movant supports his claim by citing United States v.
28

Dalton, 960 F.2d 121 (10th Cir. 1992) and United States v. Rock Island Armory, Inc., 773 F. Supp. 117 (C.D.Ill. 1991), among others.

Arguments similar to Movant's have been rejected.  In United States v. Shepardson, 167 F.3d 120, 123-25 (2d Cir. 1999), the Second Circuit held that the fact that defendant Maxwell as a transferee was himself unable to register the sawed-off shotgun did not render § 5861(d) unconstitutional as applied to him. The appellate court also rejected the defendant's argument that the maker, as a matter of law, could not have secured the BATF's permission to make and register the sawed-off shotgun.  See also, United States v. Ridlehuber, 11 F.3d 516, 526-27 (5th Cir. 1993)("it is true that a transferee may be prosecuted for possessing an unregistered firearm even though he himself cannot comply with the registration requirement"; rejecting defendant's argument that "this result offends due process").  In United States v. Bournes, 105 F. Supp. 2d 736, 745 n.3 (E.D.Mich. 2000), the district court noted that the reasoning of Rock Island Armory has been rejected by the Court of Appeals for the Seventh Circuit.  Id., (citing United States v. Ross, 9 F.3d 1182, 1192-04 (7th Cir. 1993), *vacated on other grounds*, 511 U.S. 1124 (1994)).  Movant's objection numbered 4 is overruled.

The Magistrate Judge has recommended rejection of Movant's third ground based on prosecutorial misconduct, that is, the government allegedly prosecuted him for a crime under § 5861(d) knowing he could not possibly comply with the statute.  Movant's contention that § 5861(d) is unconstitutional as applied to him has been rejected.  His claim of prosecutorial misconduct likewise is without merit.  Movant's objection numbered 5 is overruled.

Movant has objected that he appealed his sentence and not his conviction.  The Court has noted Movant's objection numbered 1 in this regard.  Movant's objection is not a substantive objection.

**Accordingly**,

**IT IS ORDERED** that Movant's objection numbered 1 is noted as not a substantive objection and his objections numbered 2 through 5 (Doc. 125) are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Amended Report and Recommendation (Doc. 124) is adopted in part and as supplemented by this Order.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255 (Doc. 111-112) is denied.

DATED this 4th day of November, 2005.

_____
Mary H. Murguia
United States District Judge